UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHARLES JUNIOR CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-378-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Charles Junior Campbell ("Campbell") and Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("the Commissioner.") [Record Nos. 11, 12] Campbell argues that the Administrative Law Judge ("ALJ") erred in concluding that he was not disabled within the meaning of the Social Security Act (the "Act"). Specifically, he asserts that the ALJ failed to properly consider the opinions of his treating physician and a consulting physician who reviewed his file on behalf of the agency. Campbell requests an award of benefits in his favor or, alternatively, that this matter be remanded for further administrative proceedings. The Commissioner contends that the ALJ's decision should be affirmed because the ALJ properly evaluated the medical evidence of record and because the ALJ's decision is supported by substantial evidence.

For the reasons that follow, the Commissioner's motion will be granted and the ALJ's decision will be affirmed.

- 1 -


## I.

On November 30, 2012, Campbell filed an application for supplemental security income ("SSI"), alleging an onset of disability on October 15, 2012. [Tr. 142] After benefits were denied initially and on reconsideration in May 2013, Campbell requested a hearing. *Id.* On May 22, 2014, Campbell appeared before ALJ Robert B. Bowling for a video hearing. *Id.*

The ALJ determined that Campbell had the severe impairments of disorders of the joints and chronic obstructive pulmonary disease ("COPD"). *Id.* at 144. After considering these impairments along with other medically determinable impairments, the ALJ concluded that Campbell did not have an impairment or combination of impairments that met or medically equaled a listed impairment. *See* 20 C.F.R. Subpart P, Appendix 1.

Next, the ALJ determined that Campbell had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), with the following limitations: he could sit, walk, and stand for only six hours in an eight-hour workday; he could never climb ladders, ropes, or scaffolds; he could occasionally climb ramps and stairs; he could frequently stoop, kneel, crouch, and crawl; he should avoid concentrated exposure to vibration and environmental irritants; and he should avoid all exposure to moving machinery and unprotected heights. [Tr. 145]

The ALJ concluded that Campbell was unable to perform any of his past relevant work, which included cutting timber, operating a bulldozer, and driving a truck. *Id.* at 151–52. Considering Campbell's age, education, work experience and RFC, however, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Campbell could perform. Therefore, he was not disabled as defined in the Act. *Id.* at 153.

**II.**

Under the Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, the claimant must show that he suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 416.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's residual functional activity ("RFC") and relevant past work to determine whether he can perform her past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work,

the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A court reviewing a denial of Social Security benefits must only determine whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Campbell established care with Dr. June Abadilla in January 2014, and continued treatment until at least September of that year. [*See* Tr. 531–607, 112] On August 12, 2014, Dr. Abadilla provided a written medical statement indicating that Campbell had the following limitations: he could walk, stand, and sit no more than two hours in an eight-hour day; he could occasionally lift ten pounds; and he could frequently lift ten pounds. *Id.* at 642. In addition, Dr. Abadilla stated that Campbell could occasionally bend, stoop, balance, and climb. She believed Campbell would be absent from work more than four days per month due to his conditions. *Id.*

On May 4, 2013, Dr. Thien Ngo performed a consultative examination of Campbell. [Tr. 443] Dr. Ngo found that Campbell's gait was normal and that his strength was five-out-

of-five in all muscle groups. *Id.* at 444–45. Based on the examination, Ngo believed that Campbell would be able to sit, walk, and stand for a full workday "with frequent and adequate breaks." *Id.* at 445. State consultant Dr. Amanda Lange reviewed Campbell's file and, on May 20, 2013, opined that Campbell was capable of performing a reduced range of medium work. *Id.* at 196. The ALJ gave great weight to Dr. Lange's opinion because her opinions were "consistent with the record as a whole," particularly with the findings of Dr. Ngo. *Id.* at 151.

But the ALJ assigned little weight to Dr. Abadilla's opinion. *Id.* at 148. As an initial matter, the ALJ was persuaded that the opinion was issued by a nurse rather than Dr. Abadilla.[1] *Id.* The ALJ reasoned that the opinions from Dr. Abadilla's office were not supported by Dr. Abadilla's own treatment notes or the overall record. Further, the ALJ indicated that, "the nurse [was] not an Agency approved examining source, which means that she has not evidenced an understanding of SSA disability programs and the evidentiary requirements, which renders the opinions less probative and persuasive." *Id.* at 149.

On September 11, 2014, Dr. Abadilla submitted an additional statement affirming that she did, indeed, provide the August 2014 opinion and RFC. [Tr. 649] The Appeals Council considered the statement and apparently conceded that Dr. Abadilla completed the medical source statement rather than a nurse. *Id.* at 2. However, it determined that the ALJ's decision

---

[1] Both the signature and the printed name on the medical statement from Dr. Abadilla's office are illegible. While it could be argued that a portion of the printed name slightly resembles "ARNP," there is no apparent basis for concluding that a nurse provided the statement. [*See* Tr. 642]

should not be disturbed because the limitations assessed by Dr. Abadilla were inconsistent with the record. *Id.*

An ALJ must give a treating source's opinion controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). If the ALJ does not accord a treating source's opinion controlling weight, he or she must articulate good reasons for the weight given to the opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). While the ALJ mischaracterized Dr. Abadilla's opinion as being provided by a nurse, he explained that the opinion was given little weight because it was inconsistent with Campbell's treatment notes. [Tr. 148] Specifically, the notes contain "generally benign medical signs and laboratory findings, particularly as they relate to claimant's musculoskeletal complaints." *Id.* Further, the ALJ concluded that the opinion was inconsistent with the record as a whole, particularly the results of Dr. Ngo's examination. *Id.*

The ALJ's assessment of Dr. Abadilla's opinion is supported by substantial evidence. The treatment notes primarily discuss Campbell's COPD and diabetes, which appeared to be managed with medication and supplemental oxygen at night. [Tr. 658–77] Campbell did complain of knee and shoulder pain, but his x-rays were normal. Further, Dr. Abadilla did not provide a connection between any of the impairments included in her assessment and Campbell's conditions.

Dr. Lange reviewed Campbell's file before he began treatment with Dr. Abadilla and, therefore, did not have access to Dr. Abadilla's notes when forming her opinion. However, "[t]here is no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive'" record than that of the treating source."

*Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011). *See also Fry v. Comm'r of Soc. Sec.*, 476 F. App'x 73, 75 (6th Cir. 2012). Rather, the inquiry is whether the non-examining source's opinion is based on substantial evidence. *See Mock v. Colvin*, No. 15-02, 2016 WL 4626580, at *5 (E.D. Ky. Sept. 2, 2016). Lange relied on encounter notes from Breathitt County Family Health [Tr. 352] and Alabree Health Services [Tr. 356] from 2010, and from Kentucky River Medical Center in 2012 [Tr. 360]. Significantly, she relied on Dr. Ngo's physical examination. This exam revealed that, while Campbell suffered from obesity, fatigue, and probable degenerative joint disease, he could likely work a full day with modifications. [Tr. 445]

### IV.

The ALJ's mischaracterization of Dr. Abadilla's opinion was harmless error because it resulted in no prejudice to Campbell. The ALJ considered the opinion under the treating source rule and properly determined that it was not entitled to controlling weight. Further, the ALJ's decision to assign controlling weight to Dr. Lange's opinion is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. The Commissioner's Motion for Summary Judgment [Record No. 12] is **GRANTED**.

2. Plaintiff Campbell's Motion for Summary Judgment [Record No. 11] is **DENIED**.

3. The decision of ALJ Robert B. Bowling will be **AFFIRMED** by separate judgment entered this date.

This 2nd day of December, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge